IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AGNES CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-13-358-L |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

# **O R D E R**

On April 12, 2013, plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits under the Social Security Act. Pursuant to 28 U.S.C. § 636(b), this matter was referred to the Honorable Gary M. Purcell for initial decision. On February 11, 2014, Judge Purcell issued his Report and Recommendation, recommending that the Commissioner's decision be affirmed.

This matter is before the court on plaintiff's timely filed objection to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b), the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In her objection, plaintiff contends

the Administrative Law Judge ("ALJ") failed to apply the correct weight to the opinions of her treating physician, Dr. John Ellis.

The court's review of the Commissioner's decision is limited to determining "whether it is supported by substantial evidence and whether the [Commissioner] applied the correct legal standard." Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). In making this determination, the court must closely examine the record as whole. *See* Andrade v. Secretary of Health and Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' In addition to a lack of substantial evidence, the [Commissioner's] failure to apply the correct legal standards, or to show us that she has done so, are also grounds for reversal." Winfrey v. Chater, 92 F.3d 1017, 1019 (10th Cir. 1996) (citations omitted).

In accordance with the governing standards, the court has reviewed the Report and Recommendation, plaintiff's objection thereto, and the case file. The court finds the ALJ adequately supported her decision to apply no weight to the opinions offered by Dr. Ellis. Although plaintiff is correct that "[a] claim for disability benefits is not stagnant in time",[1] it is plaintiff's burden to establish that she "was totally disabled"[2] on or before the date last insured. Plaintiff, however, did not meet

---

[1] Objection to Report and Recommendation of the Magistrate Judge at 1 (Doc. No. 12).

[2] Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010).

her burden as of the date of the ALJ's decision.[3] Moreover, this is not a case where the Commissioner's decision "is overwhelmed by other evidence in the record or where there is a mere scintilla of evidence supporting it." Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir. 1988).

In sum, the court concludes the Commissioner's decision is supported by substantial evidence. The Commissioner's decision is therefore AFFIRMED. Judgment will issue accordingly.

It is so ordered this 7th day of March, 2014.

*Tim Leonard*
TIM LEONARD
United States District Judge

---

[3] Plaintiff's insured status expires on December 31, 2014. Administrative Record at 10. The court, of course, expresses no opinion on whether plaintiff may be able to demonstrate she is disabled before the expiration of her insured status.